

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2009

# Fatai Oladejo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Fatai Oladejo v. Atty Gen USA" (2009). *2009 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3043
_____

FATAI OLADEJO,
a/k/a Faith Oladejo,
                              Petitioner
        vs.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A70 893 108
Immigration Judge: Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2009
Before: FUENTES, WEIS and GARTH, Circuit Judges

(Opinion filed: December 18, 2009)
_____

OPINION
_____

PER CURIAM.

        Fatai Oladejo petitions for review of an order of the Board of Immigration

Appeals (BIA), which denied his third motion to reopen his removal proceedings. We

1

will deny the petition for review.

Oladejo, a native and citizen of Nigeria, entered the United States in 1989 without permission. About four years later, he filed an asylum claim, based on a fear of persecution because of his conversion from the Muslim faith to Christianity. On February 21, 2001, an Immigration Judge (IJ) found him removable as charged and denied relief, but granted voluntary departure. The Board of Immigration Appeals (BIA) dismissed his appeal on November 28, 2003.

Oladejo filed a motion to reopen in March 2005, claiming neither he nor counsel had received the BIA's 2003 decision. On May 10, 2005, the BIA denied the motion as untimely, discounting the allegation that the decision had not been received. Oladejo, proceeding pro se, filed a second motion to reopen in February 2007, alleging that the time period for filing a motion to reopen should be equitably tolled because of the ineffectiveness of counsel. The BIA denied the second motion on June 25, 2007, noting that equitable tolling was unavailable because Oladejo had failed to exercise due diligence, since he had done nothing for about two years after learning that his first motion to reopen had been denied. Oladejo filed a motion for reconsideration of that decision, which the BIA denied on November 29, 2007. Proceeding with new counsel, Oladejo then filed a third motion to reopen on February 1, 2008. The BIA denied the third motion to reopen on March 11, 2008, noting that Oladejo had given more specific facts regarding the ineffectiveness of prior counsel, but that he had failed to attribute his

2

delay to that ineffectiveness.[1]

On March 21, 2008, Oladejo filed a petition for review and motion for stay of removal in the United States Court of Appeals for the Fifth Circuit. That Court transferred the case to the United States Court of Appeals for the Second Circuit, which eventually transferred the case here.

This court's review extends only to the BIA's order denying Oladejo's third motion to reopen. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986). The decision to deny a motion to reopen is within the Board's discretion. See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Oladejo has not shown that the BIA abused its discretion in failing to reopen proceedings. Oladejo does not dispute that the motion was not filed within 90 days of the BIA's first decision, as required by regulation. 8 C.F.R. § 1003.2(c)(2). He argues, however, that the time to file a motion to reopen should be equitably tolled due to attorney ineffectiveness. Although attorney ineffectiveness might be grounds for equitable tolling of the time limitation, Oladejo has not stated how attorney ineffectiveness affected his ability to timely file a motion to reopen, nor has he shown he was diligent in filing his motion. Cf. Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005) (attorney ineffectiveness can provide basis for equitable tolling of time to reopen in

---

[1]  The BIA denied a motion for reconsideration of the March decision on May 2, 2008. That order is not at issue here.

absentia removal order if due diligence is shown).

We will therefore deny the petition for review.

4